IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00089-BNB

KEITH L. WASHINGTON,

Applicant,

v.

RENE G. GARCIA, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 0 1 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Keith L. Washington, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction and sentence in the United States District Court for the Northern District of Illinois (Northern District of Illinois). On February 2, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Washington to respond and show cause why the Application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. Mr. Washington filed a Response on February 10, 2010.

The Court must construe the Application and the Response liberally because Mr. Washington is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Washington was convicted pursuant to a plea agreement on three counts of bank robbery and was sentenced to 108 months of imprisonment and three years of supervised release in *United States v. Washington*, No. 05-CR-00396-1, Doc. No. 29 (N.D. Ill. Mar 16, 2005). Mr. Washington did not file a direct appeal. On July 10, 2006, Mr. Washington filed an ex parte letter that the sentencing court found improper. *Id.* at Doc. Nos. 31 and 32. The court instructed Mr. Washington that if he wished to challenge his conviction he should file a 28 U.S.C. § 2255 motion or if he wished to challenge the execution of his sentence he should file a 28 U.S.C. § 2241 action. *Id.* at Doc. No. 32. Almost two years later, on April 1, 2008, Mr. Washington filed a motion to amend his sentence. *Id.* at Doc. No. 33. The court determined that the motion was an improperly filed § 2255 motion and denied it because Mr. Washington, in his plea agreement, waived his right to challenge his sentence on direct appeal or by collateral attack. *Id.* at Doc. No. 42. Mr. Washington filed a motion to reconsider the denial of his motion to amend. *Id.* at Doc. No. 43. The court denied the motion because there is no procedural vehicle for a motion to reconsider in a federal criminal proceeding. *Id.* at Doc. No. 44.

Mr. Washington then filed a request in the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit") seeking leave to file a second § 2255 motion. *Id.* at Doc. No. 47. The Seventh Circuit found that the April 1 motion to amend could not be a § 2255 motion and therefore did not count as Mr. Washington's first collateral attack. *Washington v. United States*, No. 08-2787 (7th Cir. Aug. 13, 2008) (unpublished). The Seventh Circuit construed the request to file a second § 2255 motion as a notice of

appeal. *Id.* While the notice of appeal was pending Mr. Washington filed a motion for relief under Fed. R. Civ. P. 60(b)(6) in Case No. 05-CR-00396-1, and the sentencing court denied the motion for lack of jurisdiction. *Washington*, No. 05-CR-00396-1 at Doc. Nos. 51 and 53. On January 15, 2009, the Seventh Circuit denied Mr. Washington's appeal finding that the motion to amend was a collateral attack under § 2255 and that Mr. Washington had waived his right to bring such a motion. *Washington v. United States*, No. 08-3131 (7th Cir. Jan. 15, 2009) (unpublished). Subsequently, the Seventh Circuit withdrew the January 15 order and dismissed the appeal solely on the basis of the waiver of appeal in Mr. Washington's plea agreement. *Id.* at Doc. No. 16.

On May 4, 2009, Mr. Washington filed a motion for relief from judgment under either Rule 60(b) or § 2255. On June 8, 2009, he filed a motion to supplement the motion for relief. These motions challenge the calculation of his sentence and the effectiveness of his trial counsel. *Washington*, No. 05-CR-00396-1 at Doc. Nos. 65 and 66. The sentencing court denied the motions because Mr. Washington's sentence was within the agreed range set forth in the plea agreement, leaving in effect the waiver of his right to bring a § 2255 motion attacking the calculation of his sentence. *Id.* at Doc. No. 68. The district court also found that Mr. Washington's ineffective assistance of counsel claim is not waived because his plea agreement explicitly preserved the right to bring a § 2255 motion based on ineffective assistance of counsel. *Id.* The sentencing court, nonetheless, determined that Mr. Washington's ineffective assistance of counsel claim was time-barred under 28 U.S.C. § 2255(f)(1). *Id.*

Mr. Washington filed several motions after the district court denied his May 4 motion for relief in which he challenged the calculation of his sentence, sought a petition for writ of audita querela, questioned the court's denial of his motion for reconsideration, and challenged the court's finding that his ineffective assistance of counsel claim was time-barred. *Id.* at Doc. Nos. 69-74. The court denied all of Mr. Washington's motions, again finding that Mr. Washington waived his right to challenge his sentence on direct appeal or collateral attack and that his ineffective assistance of counsel claim is time-barred. *Id.* at Doc. No. 75. Finally, as recently as January 20, 2010, Mr. Washington filed a letter in the sentencing court again challenging the calculation of his sentence. *Id.* at Doc. No. 76.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d

4

672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

As noted above, Magistrate Judge Boland ordered Mr. Washington to respond and show cause why this action should not be dismissed because he has an adequate and effective remedy available to him pursuant to § 2255. Mr. Washington argues in his Response that the remedy available pursuant to § 2255 is not adequate or effective because the sentencing court refuses to comment on the merits of his claims. (Resp. at 4.) Mr. Washington further asserts that the waiver set forth in the plea agreement disallowing a direct appeal or collateral attack of the plea agreement is invalid. (Resp. at 5.) Mr. Washington also contends that because the sentencing court and the Seventh Circuit have upheld the waiver of his right to appeal and the plea agreement itself he now is unable to satisfy the requirements for filing a second or successive § 2255 motion. (Resp. at 6.)

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho*, 177 F.3d at 1178. Another circumstance where the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a

5

new rule of constitutional law but demonstrates an applicant is actually innocent. *United States v. Apodaca* , 90 Fed. Appx. 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001)).

The sentencing court's finding that Mr. Washington is time-barred from raising his ineffective assistance of counsel claim in a § 2255 motion, by itself, does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. Furthermore, contrary to Mr. Washington's argument, the sentencing court specifically addressed the merits of his claims in Case No. 05-CR-00396-1 in Document No. 68. The court found that the waiver of his right to file a direct appeal or a collateral attack of the sentence calculations remains in effect because he was sentenced within the agreed range. Case No. 05-CR-00396-1 at Doc. No. 68. The fact that Mr. Washington has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673.

The Court, therefore, finds that Mr. Washington fails to demonstrate the remedy available to him pursuant to § 2255 was inadequate or ineffective. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Washington fails to assert that his remedy in the United States District Court for the Northern District of Illinois is ineffective and inadequate.

DATED at Denver, Colorado, this 1st day of   March , 2010.

BY THE COURT:


    s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-00089-BNB

Keith L. Washington
Reg No. 17831-424
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

        I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/1/10

                                        GREGORY C. LANGHAM, CLERK

                                        By _____
                                                        Deputy Clerk