IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00089-ZLW

KEITH L. WASHINGTON,

Applicant,

v.

RENE G. GARCIA, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 12 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

The matter before the Court is the Motion to Alter Judgment that Applicant Keith L. Washington, a *pro se* prisoner litigant, filed on March 4, 2010, and the Memorandum of Law in Support of Motion to Alter Judgment that Mr. Washington filed on March 5, 2010. Mr. Washington is in the custody of the United States Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. Mr. Washington seeks reconsideration of the Order of Dismissal and the Judgment entered on March 1, 2010, pursuant to Fed. R. Civ. P. 59(e). The Court must construe the Motion liberally because Mr. Washington is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Washington's Motion to Reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on March 1, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The instant Motion was filed on March 4, 2010, well within twenty-eight days of the final judgment in this action. *See* Fed. R. Civ. P. 6(a). The Motion, therefore, is properly filed as a motion to alter or amend the judgment pursuant to Rule 59(e).

The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Mr. Washington argues that because the sentencing court refused to consider his 28 U.S.C. § 2255 motion the remedy available under § 2255 is inadequate and ineffective. (Mot. at 1.) Mr. Washington also contends that his remedy under § 2255 is inadequate and ineffective because the sentencing court construed the

filings in his criminal case as § 2255 motions, even though the motions were not filed under § 2255, and denied the motions based on the waiver to appeal set forth in his plea agreement. (Mot. at 2.) In the Memorandum supporting the Motion, Mr. Washington argues that his remedy under § 2255 in the sentencing court is inadequate and ineffective because the sentencing court refused to address the computation of his sentence. He further asserts that the sentencing court construed all of the motions he filed in his criminal case as § 2255 motions and denied the motions as collateral attacks without addressing the merits of the motions.

Mr. Washington's arguments in both the Motion and the Memorandum are restatements of the arguments he set forth in his Application and in his Response to Magistrate Judge Boyd N. Boland's Order to Show Cause. Even though Mr. Washington entered into a plea agreement and waived his right to appeal or to challenge his sentence on collateral review, provided the sentence was within the agreed range, *see **United States v. Washington**,* No. 05-cr-00396-JFH, Doc. No. 26 at 18 (N.D. Ill. Mar. 16, 2006), he continues as he did in the sentencing court to challenge the calculation of his sentence.

This Court notes that Mr. Washington's plea agreement allowed him to challenge the involuntariness of his plea or whether counsel was ineffective regarding the plea. *Id.* As early as July 12, 2006, Mr. Washington was instructed by the sentencing court on how he may challenge his conviction or sentence. *Id.* at Doc. No. 32. Mr. Washington, however, elected not to follow the sentencing court's instructions and waited almost two years to file a motion pursuant to Fed. R. Crim. P. 52(b), which the sentencing court found was an improper appeal of his sentence. Even if this Court

were to find that the Rule 52(b) motion was a properly filed § 2255 motion and the sentencing court should have addressed the merits set forth in the motion, Mr. Washington failed to file the § 2255 motion within the time allowed under 28 U.S.C. § 2255(f). As this Court stated in the March 1, 2010 Order of Dismissal, a finding that a § 2255 motion is time-barred does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. See *Caravalho v. Pugh*, 117 F.3d 1177, 1178 (10th Cir. 1999).

Therefore, based on the above findings and the findings in the March 1, 2010 Order of Dismissal, the remedy provided in § 2255 in the sentencing court is effective and adequate. Mr. Washington, therefore, fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving.

Accordingly, it is

ORDERED that Mr. Washington's Motion to Alter Judgment (Doc. No. 14) is denied.

DATED at Denver, Colorado, this  11th   day of   March  , 2010.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00089-BNB

Keith L. Washington
Reg No. 17831-424
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/12/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk