IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00089-ZLW

KEITH L. WASHINGTON,

    Applicant,

v.

RENE G. GARCIA, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 17 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

The matter before the Court is the "Motion for Relief From Judgment Pursuant Rule 60(b)" filed on March 11, 2010 (the "Motion for Relief"), and the "Motion for Leave to Supplement and Incorporated Supplement" filed on March 16, 2010 (the "Motion for Leave"), by Applicant Keith L. Washington. Mr. Washington is in the custody of the United States Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. The Court must construe the motions liberally because Mr. Washington is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will consider both the Motion for Relief and the Supplement. For the reasons stated below, the Court will deny the Motion for Relief.

Mr. Washington's Motion for Relief is his second request for reconsideration of the Court's Order of Dismissal entered on March 1, 2010. The Court has reviewed the claims Mr. Washington raises in the Motion for Relief. For the same reasons set forth

in the Court's Order Denying Motion to Reconsider entered on March 12, 2010, the Court will deny Mr. Washington's Motion for Relief.

Mr. Washington continues to argue that his 28 U.S.C. § 2255 remedy in the sentencing court is inadequate and ineffective because the sentencing court refuses to address the merits of his claims regarding the validity of his sentence. The inadequacy of § 2255 only applies to the extent that the "prisoner . . . is authorized to apply for relief by motion pursuant to [§ 2255]." **See Satterfield v. Scibana**, 275 Fed. Appx. 808, 809-10 (10th Cir. (Okla.) Apr. 30, 2008) (not selected for publication in the Federal Report, No. 07-6292); 28 U.S.C. § 2255(e). Without an authorization under § 2255 to apply for relief there is no basis for finding that the § 2255 remedy in the sentencing court is inadequate or ineffective.

As the Court stated in the Order of Dismissal (Doc. No. 12) and in the Order Denying Motion to Reconsider (Doc. No. 17), Mr. Washington waived his right to direct appeal and to a collateral review of the calculation of his sentence when he entered into his plea agreement. The sentencing court addressed Mr. Washington's challenge to his sentence and found Mr. Washington's sentence was within the agreed sentencing range set forth in the plea agreement, leaving in effect the waiver of his right to bring a § 2255 motion attacking the calculation of his sentence. Mr. Washington, therefore, is not authorized under § 2255 to apply for relief regarding the calculation of his sentence. He, however, was able to challenge his conviction and sentence based on ineffective assistance of counsel, which he did but not within the time allowed under 28 U.S.C. § 2255(f)(1). Therefore, the claims that were authorized for review under § 2255(e) were time barred. Nonetheless, a finding that an issue is time-barred does not

demonstrate that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Because Mr. Washington filed the Motion for Relief within the time allowed for filing a Fed. R. Civ. P. 59(e) motion, the Motion for Relief should be considered a second Rule 59(e) motion and not a motion under Fed. R. Civ. 60(b). Nonetheless, the Motion for Relief is subject to denial under both Rule 59(e) and Rule 60(b). Mr. Washington fails to demonstrate that reinstatement is deserving either because extraordinary circumstances exist, *see Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994), as required under Fed. R. Civ. P. 60(b), or because the Court misapprehended the facts, his position, or the controlling law as required under Rule 59(e). Accordingly, it is

ORDERED that the Motion for Leave to Supplement (Doc. No. 18) is DENIED as unnecessary. It is

FURTHER ORDERED that Mr. Washington's "Motion for Relief from Judgment Pursuant Rule 60(b)" (Doc. No. 16) is denied

DATED at Denver, Colorado, this  16th  day of  March , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00089-ZLW

Keith L. Washington
Reg No. 17831-424
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/11/10

                                            GREGORY C. LANGHAM, CLERK

                                      By: _____
                                                 Deputy Clerk